**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
WESTERN DIVISION**

| | |
|---|---|
| JAMALE KEY,<br><br>    Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>    Respondent. | No. 08-CV-4065-DEO<br><br>ORDER |

**TABLE OF CONTENTS**

**I. BACKGROUND** . . . . . . . . . . . . . . . . . . . . . . 2

**II. DISCUSSION** . . . . . . . . . . . . . . . . . . . . . . 5
   **A.** *28 U.S.C. § 2255* . . . . . . . . . . . . . . . . 5
   **B.** *Ineffective Assistance of Counsel* . . . . . . . 6
      1. *Ineffective Assistance in Plea Bargaining
         Process* . . . . . . . . . . . . . . . . . . 8
      2. *Failure to Pursue Key's Request to Withdraw
         Guilty Pleas* . . . . . . . . . . . . . . . . 12
      3. *Inadequate Advice Concerning Whether to Appeal*
       . . . . . . . . . . . . . . . . . . . . . . . 14

**III. CONCLUSION** . . . . . . . . . . . . . . . . . . . . . 17

Before the Court is Jamale Key's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255. See Docket Nos. 1 (Pro Se § 2255 Motion) and 8 (Supplement to § 2255 Motion). As set forth below, Key's § 2255 Motion is denied.

## I. BACKGROUND

On October 25, 2006, a five-count second superseding indictment was filed against Key and three co-defendants.[1] Crim. Docket No. 91. Key was named in four of the five counts. Specifically, the second superseding indictment charged him with the following: (Count 1) knowingly and unlawfully conspiring to manufacture and distribute 50 grams or more of cocaine base, commonly called "crack cocaine," from 2004 through March 2006; (Count 2) knowingly and intentionally possessing and aiding and abetting another or others in the possession with intent to distribute 50 grams or more of crack cocaine on or about July 29, 2005; (Count 4) knowingly and intentionally possessing and aiding and abetting another or others in the possession with intent to distribute 16.86 grams of crack cocaine on or about March 2, 2006; and (Count 5) knowingly and intentionally distributing crack cocaine on February 12, 2006. Crim. Docket No. 91.

On April 13, 2007, Key—through his attorney at the time, Mr. Joseph Flannery—filed a motion to transfer jurisdiction of

---

[1] The Court will use "Crim. Docket" to refer to the docket in Key's criminal case, <u>United States v. England, et al.</u>, 06-CR-4014-DEO.

Counts 1 and 2 of the second superseding indictment to juvenile court, based on his argument these acts occurred before Key's eighteenth birthday on August 1, 2005.[2] Crim. Docket No. 159. The Court reserved ruling on the motion. Crim. Docket No. 174.

On April 19, 2007, Key pled guilty to Counts 1 and 4 of the second superseding indictment pursuant to a written plea agreement. Crim. Docket No. 188. Mr. Key had earlier directed Flannery to seek a favorable plea agreement, and he indicated he was satisfied with Flannery's representation at the change of plea hearing. Crim. Docket No. 377 at 2. Mr. Flannery subsequently filed a motion to withdraw as counsel for Key (Crim. Docket No. 218), and on June 11, 2007, the motion was granted (Crim. Docket No. 221). Mr. Alfred Willett was then appointed to represent Key. Crim. Docket No. 225. Flannery had requested withdrawal because Key insisted on withdrawing his guilty pleas, and Flannery concluded he could not in good faith assist Key in doing the same, as it would

---

[2] Although Key's actual birth date is August 1, 1987, when originally arrested on state drug charges he falsely reported May 4, 1987, as his birth date. See Docket No. 17 at 13, footnote 6 (Government's Brief); Crim. Docket No. 272 at 2 (Presentence Investigation Report).

3

almost certainly eliminate Key's potential entitlement to a sentencing reduction pursuant to the safety valve provisions of 18 U.S.C. § 3553(f) and U.S.S.G. § 5C1.2 and would more than likely also result in the loss of acceptance of responsibility sentencing reductions pursuant to U.S.S.G. § 3E1.1. Crim. Docket No. 378 at 1. Key did not again express a desire to withdraw his guilty pleas to the Court after Willett's appointment, though he apparently did discuss the matter with Mr. Willett. According to Key, Willett also advised against withdrawing his guilty pleas because doing so would almost certainly result in a longer sentence.

Key was sentenced on September 26, 2007—roughly three months after Willett's appointment—to the mandatory minimum sentence of 120 months imprisonment on each of Counts 1 and 4, to be served concurrently. Crim. Docket No. 263. Key did not file an appeal. Applying the prison mailbox rule,[3] Key

---

[3] Under the prison mailbox rule, the effective date of a pro se prisoner's filing "is the date the prisoner deposits it in the prison mail system for forwarding to the district court." Van Orman v. Purkett, 43 F.3d 1201, 1202 (8th Cir. 1994) (citations omitted). While Key's Pro Se § 2255 Motion indicates merely that it was *executed* on July 30, 2008 (Docket No. 1 at 6), the Court will assume it was likewise mailed on this date. The motion would be timely even if it were not considered "filed" until either August 8, 2008—when it was

timely filed his Pro Se § 2255 Motion on July 30, 2008, alleging ineffective assistance of counsel. Docket No. 1. The Motion was supplemented by appointed counsel on October 3, 2008. Docket No. 8. In his § 2255 Motion, Key alleges:

> (1) Mr. Flannery was ineffective for allowing him to enter his guilty pleas before the Court ruled on his Motion to Transfer to Juvenile Jurisdiction;
>
> (2) Mr. Willett was ineffective for failing to file a motion to withdraw his pleas; and
>
> (3) Willett was also ineffective for failing to advise him of the consequences of not filing a direct appeal.

Docket Nos. 1 and 8. A hearing on Key's § 2255 Motion was held on November 1, 2010. Docket No. 20. The matter is fully submitted.

## II. DISCUSSION

### A. *28 U.S.C. § 2255*

A prisoner in custody pursuant to a federal conviction and sentence may move the court that imposed the sentence to vacate, set aside or correct the sentence

> upon the ground that the sentence was imposed in violation of the Constitution or

---

postmarked—or August 11, 2008—when it was stamped as received by the Clerk's Office. Docket No. 1 at 7-8.

> laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack.

28 U.S.C. § 2255. Statements which are self-serving and unsupported by evidence do not establish a basis for relief under § 2255. <u>United States v. Apfel</u>, 97 F.3d 1074, 1077 (8th Cir. 1996). Claims generally may not be asserted in a § 2255 motion unless the petitioner first raised the claim on direct review. <u>Reed v. Farley</u>, 512 U.S. 339, 354 (1994). However, this general rule does not apply to claims of ineffective assistance of counsel. <u>Massaro v. United States</u>, 538 U.S. 500, 505-506 (2003).

### B. *Ineffective Assistance of Counsel*

In order to establish ineffective assistance of counsel, a petitioner must satisfy both prongs—commonly referred to as the "performance" and "prejudice" prongs—of the test articulated by the United States Supreme Court in <u>Strickland v. Washington</u>, 466 U.S. 668 (1984). To properly demonstrate a claim under the "performance" prong, a petitioner must overcome the strong presumption that his counsel's conduct fell within the wide range of reasonable professional

assistance by showing that he made errors so serious that he failed to function as the kind of counsel guaranteed by the Sixth Amendment. Id. at 687-89. Additionally, under the "prejudice" prong, the petitioner must make a showing of prejudice; that is, that a reasonable probability exists that, but for his counsel's errors, the result of the proceeding would have been different. Strickland, 466 U.S. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. at 694. To establish prejudice in the context of a plea proceeding, the petitioner must show that there is a reasonable probability that, but for plea counsel's errors, he would not have pleaded guilty and would have insisted on going to trial. Hill v. Lockhart, 474 U.S. 52, 59 (1985). A court may address the two prongs in any order, and if the petitioner fails to make a sufficient showing on one prong, the court need not address the other. Id. at 697; Fields v. United States, 201 F.3d 1025, 1027 (8th Cir. 2000). The Court begins its analysis under "the presumption that . . . trial counsel was competent." Smith v. Lockhart, 921 F.2d 154, 156 (8th Cir. 1990) (citation omitted).

## 1. *Ineffective Assistance in Plea Bargaining Process*

First, Mr. Key contends Mr. Flannery provided ineffective assistance when he allowed him to enter his guilty pleas before the Court ruled on his Motion to Transfer to Juvenile Jurisdiction. In addition to showing that Flannery's performance during the plea process was deficient, to succeed on this claim Key must "show . . . a reasonable probability that, but for [Flannery's] errors, he would not have pleaded guilty and would have insisted on going to trial." Lockhart, 474 U.S. at 59.

In his Motion to Transfer, Key argued the offenses charged in Counts 1 and 2 of the second superseding indictment—conspiracy to manufacture and distribute crack and possession with intent to distribute crack, respectively—were alleged to have occurred prior to his eighteenth birthday on August 1, 2005, and as such Key contended Counts 1 and 2 should be transferred to state juvenile court.[4] Crim. Docket No. 159. Key now contends that, prior to his pleading guilty

---

[4] Count 1 alleged the drug conspiracy took place "[f]rom about 2004 through March, 2006" and Count 2 alleged the possession with intent to distribute occurred "[o]n or about July 29, 2005." Crim. Docket No. 91 at 1-2.

to Counts 1 and 4, Flannery erroneously advised him that the Court had rejected his Motion to Transfer, when in fact it had yet to be ruled upon, and he then decided to plead guilty based on that faulty premise.  Docket No. 1 at 4.

Flannery, by contrast, recalls advising Key to accept the Government's plea offer—which promised, among other things, Counts 2 and 5 would be dismissed—even though the Motion to Transfer remained pending, because based on his investigation of the facts and law he anticipated the Motion to Transfer would eventually be denied as to Count 1, resulting in Key being tried as an adult in federal district court as to that count.  In addition to a promise that Counts 2 and 5 would be dismissed, *at Key's direction*[5] Flannery brokered a proposed plea offer which included assurances that Key's federal sentence would run concurrent to his state sentence on related charges; that Key would be allowed to attempt to qualify for safety valve relief pursuant to U.S.S.G. § 5C1.2 by debriefing; that no additional drug-related charges would be filed based on the information in the Government's possession;

---

[5] According to Flannery's Affidavit, "[i]t was Mr. Key's direct order to me . . . to explore 'cutting the best deal possible' . . . . "  Docket No. 17-2 at 2.

and that if Key continued to accept responsibility, and the Court granted a two-level reduction under U.S.S.G. § 3E1.1(a), the Government would move for an additional one-level reduction under U.S.S.G. § 3E1.1(b).  Docket No. 17.

Mr. Flannery's investigation of the facts and law concerning Key's entitlement to transfer of the conspiracy count to juvenile court was adequate, and his resulting conclusion that such transfer would eventually be denied was correct.  See United States v. Rice, 449 F.3d 887, 897 (8th Cir. 2006) ("Strategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable." (citing Stickland, 466 U.S. at 694)).  As the Government correctly notes, "[i]t is well established that federal courts have jurisdiction over conspiracies begun while a defendant was a minor but completed after his eighteenth birthday."  Docket No. 17 at 12 (citing United States v. Wong, 40 F.3d 1347, 1365 (2d Cir. 1994) and United States v. Doerr, 886 F.2d 944, 969 (7th Cir. 1989)).  Although the drug conspiracy alleged in Count 1 began prior to Key's 18th birthday, Flannery reasonably concluded that the evidence overwhelmingly showed Key continued in and ratified

10

his involvement in the conspiracy after reaching age 18, and that, consequently, Key would eventually be tried as an adult in federal court on the conspiracy charge. See United States v. Burns, 298 F.3d 523, 537 (6th Cir. 2002) (a defendant who enters a conspiracy prior to his eighteenth birthday can be tried as an adult if he continues in the conspiracy after that time, thereby ratifying his participation in the conspiracy after becoming an adult). Once the Government offered to dismiss Count 2 because the conduct charged in that count concededly occurred prior to Key's 18th birthday, Key no longer had anything to gain by waiting for the Court to rule on his Motion to Transfer to Juvenile Jurisdiction. In fact, instead of avoiding prosecution on Count 2 altogether, Key would have faced the charge embodied by Count 2 in juvenile court had he chosen to wait at this point instead of entering into the plea agreement.

Based on the foregoing, the Court finds Mr. Key has failed to overcome the presumption that Mr. Flannery's conduct during the plea bargaining process "fell within the wide range of reasonable professional assistance." Strickland, 466 U.S. at 687-89. Key has therefore failed to show Mr. Flannery

provided ineffective assistance in the plea bargaining process.

## 2. *Failure to Pursue Key's Request to Withdraw Guilty Pleas*

Second, Mr. Key contends Mr. Willett provided ineffective assistance when he failed to pursue Key's earlier request to withdraw his guilty pleas. "Prior to sentencing, a defendant may be allowed to withdraw a guilty plea if he can show a fair and just reason for requesting the withdrawal." United States v. Austin, 413 F.3d 856, 857 (8th Cir. 2005) (citing Fed. R. Crim. P. 11(d)(2)(B) and United States v. Wicker, 80 F.3d 263, 266 (8th Cir. 1996)). "Besides 'any fair and just reason,' a court should also consider whether the defendant has asserted his innocence to the charge, the length of time between the plea of guilty and the motion to withdraw, and whether the government would be prejudiced by the withdrawal." United States v. Austin, 413 F.3d 856, 857 (8th Cir. 2005) (citing United States v. Soriano-Hernandez, 310 F.3d 1099, 1104 n.7 (8th Cir. 2002)).

As noted previously in this Order, Mr. Flannery requested withdrawal because Key, against Flannery's advice, insisted on withdrawing his guilty pleas, and Mr. Willett was appointed to

12

represent Key after Flannery was allowed to withdraw. After directing that counsel be appointed to replace Flannery, the Court directed newly-appointed counsel to determine whether to pursue plea withdrawal further. Crim. Docket No. 378 at 2. During the November 1, 2010, hearing on Key's § 2255 Motion, Mr. Willett testified he determined the matter should not be pursued further and advised against seeking withdrawal of Key's guilty pleas, essentially for the same reasons given by Flannery—if Key were permitted to withdraw his guilty pleas he would lose any chance of qualifying for safety valve relief and would likely not receive a sentence reduction for acceptance of responsibility. Key does not claim he instructed Willett to withdraw his guilty pleas. Nor has Key established a fair and just reason that would have justified withdrawal, had Willett sought to carry out such an instruction.

Based on the foregoing, the Court finds Mr. Key has failed to overcome the presumption that Mr. Willett's conduct during discussions concerning whether to further pursue withdrawal of Key's guilty pleas "fell within the wide range of reasonable professional assistance." Strickland, 466 U.S.

13

at 687-89. Key has therefore failed to satisfy the performance prong of the test articulated by the United States Supreme Court in Strickland, and as such his claim based on Willett's purported failure to pursue his earlier request to withdraw his guilty pleas must be denied.

### 3. *Inadequate Advice Concerning Whether to Appeal*

Third, and finally, Mr. Key contends he did not pursue an appeal in his criminal case because Mr. Willett told him he had no grounds upon which to base an appeal. Docket No. 8 at 4 (Supplement to § 2255 Motion).[6] Key contends this advice by Mr. Willett constituted ineffective assistance of counsel. The Government responds that Key has, by inference, acknowledged he never instructed Willett to file an appeal. Docket No. 17 at 8-9. The Government argues this alone is fatal to Key's claim, and even if it weren't, Key cannot show he was prejudiced by such advice, as Key pled guilty, was sentenced to the mandatory minimum, and at sentencing was

---

[6] Although in his Supplemental § 2255 Motion Key faults "trial counsel" for advising him he had no grounds on which to base an appeal (Docket No. 8 at 4-6), the Court will construe this claim to be against Mr. Willett, who represented Key at the time this advice was allegedly given, rather than Mr. Flannery, who withdrew from representation of Key prior to this time.

informed on the record of his right to appeal by the Court. Docket No. 17 at 9.

"Counsel has a constitutionally imposed duty to consult with the defendant about an appeal when there is reason to think either (1) that a rational defendant would want to appeal (for example, because there are nonfrivolous grounds for appeal), or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing." Roe v. Flores-Ortega, 528 U.S. 470, 479-80 (2000). In reviewing the failure to file an appeal, the court should consider "whether the conviction follows a trial or a guilty plea, both because a guilty plea reduces the scope of potentially appealable issues and because such a plea may indicate that the defendant seeks an end to judicial proceedings . . . ." Id.

During the November 1, 2010, Evidentiary Hearing on Key's § 2255 Motion, Mr. Willett testified that, in discussing Key's appeal right immediately following Key's sentencing, he told Key there was nothing to base an appeal on. Mr. Willett repeated this sentiment in an October 5, 2007, letter addressed to Key, providing:

15

> Please find enclosed a copy of your Judgment in a Criminal Case and pleadings regarding the sentencing hearings of your co-defendants.
>
> Please be advised that while I was in Sioux City this past week in a jury trial I ran into your prosecutor, and he indicated he did not feel they would be appealing your sentence.
>
> *Obviously we have nothing to appeal from based upon Judge O'Brien's sentencing gift to you.*
>
> If you have any questions or concerns, please do not hesitate to contact me.

Docket No. 20 at 3 (Court's Ex. 1001) (emphasis added). Willett's testimony at the evidentiary hearing indicated that Key never conveyed that he disagreed with Willett's statement that there were no grounds upon which to base an appeal, that Key never expressed a desire to appeal, and that Key never requested that Willett file notice of appeal on his behalf. In fact, Willett testified Key never contacted him or communicated with him in any way after Willett had sent the letter. The Court finds Mr. Willett's testimony credible and adopts his version of events as its findings of fact. Accordingly, the Court finds Key neither instructed Willett to file an appeal, nor clearly expressed a desire to appeal.

To summarize, Key was convicted after pleading guilty, he was sentenced to the statutory minimum sentence, he was informed of his right to appeal by the Court at sentencing, and he did not ask Mr. Willett to appeal or clearly convey it was his desire that Willett file an appeal. Based on the foregoing, the Court finds Mr. Willett's advice concerning a potential appeal was constitutionally adequate. Consequently, Mr. Key's claim that Mr. Willett's advice on this matter constituted ineffective assistance of counsel must be denied.

### III. CONCLUSION

For the foregoing reasons, the Court finds that each of the grounds raised in Mr. Key's Motion to Vacate, Set Aside or Correct Sentence Pursuant to 28 U.S.C. § 2255 is without merit or is procedurally barred, and should therefore be dismissed.

**IT IS THEREFORE HEREBY ORDERED** that Mr. Key's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to § 2255 (Docket Nos. 1 and 8) is **DENIED** and this action is terminated.

**IT IS SO ORDERED** this 9th day of May, 2011.

*[signature: Donald E. O'Brien]*
Donald E. O'Brien, Senior Judge
United States District Court
Northern District of Iowa